


Charles M. Walker
U.S. Bankruptcy Judge
Dated: 4/7/2017

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 315-02639 |
| ROSETTA TRUSS ) | CHAPTER 13 |
| 3309 Martins Woods Lane ) | JUDGE: WALKER |
| LaVergne, TN 37086 ) | |
| SSN: XXX-XX-9241 ) | |
| Debtor. ) | |

### ORDER TO MODIFY CHAPTER 13 PLAN TO PROVIDE FOR CLAIM OF INLAND BANK FUNDING AS A LONG TERM CLAIM PER § 1322(b)(5)

THE DEBTOR requested and was granted an expedited hearing, which took place on April 5, 2017 before the Honorable Marian Harrison. There was no opposition to Debtor's motion.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

The Debtor is authorized to finance with Inland Bank a 2013 Ford Escape Truck, VIN# 1FMCU0GX5DUC84045 ("motor vehicle"). The amount to be financed is $13,706.93 at a rate of 22%, to be paid by the Trustee with an ongoing monthly payment of $377.78 beginning 02/28/2017 as a Class **3** creditor upon the filing of an approved Proof of Claim.

1. The payroll deduction order shall be modified to increase the Debtor's payments to the Trustee from $907.00 bi-weekly to **$1,103.00 bi-weekly**. The minimum base shall be increased to $138,800.00 and the plan term shall remain 60 months. Except as set forth herein, all other plan provisions of the Order confirming the Debtor's Chapter 13 plan remain unaffected by this Agreed Order.

2. Debtor shall maintain full coverage insurance on the motor vehicle and list Inland Bank as the loss payee.

3. The Debtor waives discharge of this post-petition debt to Inland Bank. The monthly payments to Inland Bank shall be disbursed with all other secured claims. Inland Bank's claim for post-petition financing is a continuing debt under 11 U.S.C. § 1328(a)(1) and is not subject to discharge thereunder.

4. This claim shall be treated by the Trustee as a long-term obligation pursuant to 11 U.S.C. § 1322(b)(5), and the Trustee need not allocate interest and principal in the disbursements to Inland Bank.

5. Accordingly, the Order Confirming Chapter 13 Plan of 6/26/2015 shall be modified to provide that the Debtor's obligation to Inland Bank is a secured obligation and shall be paid directly by the debtor after completion of the Chapter 13 plan pursuant to the terms of the agreement between the Debtor and Inland Bank.

6. The parties further agree that should the Debtor default on the plan payments or insurance, Inland Bank shall notify Debtor and Debtor's counsel of the default and, if the default is not cured within ten (10) days of such notice, Inland Bank may thereupon have relief from the automatic stay of 11 U.S.C. §362(a) by the filing of a "Notice of Default Constituting Order of Relief From Stay" without the necessity of the filing of a motion for a hearing in this Court.

7. No other creditors are affected by this Agreed Order.

THIS ORDER WAS SIGTNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.

APPROVED FOR ENTRY:

*/s/ _Chris Coats_____*
Christopher Dale Coats
Debtor's Attorney
722 South Church Street
Murfreesboro, TN  37130
615-459-3131
chris@chriscoatslaw.com

This Order has been electronically signed.  The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:15-bk-02639    Doc 59    Filed 04/10/17    Entered 04/10/17 09:04:18    Desc Main
Document      Page 2 of 2